Citation Nr: 1334649 
Decision Date: 10/30/13 Archive Date: 11/06/13

DOCKET NO. 09-42 262 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah



THE ISSUE

Entitlement to service connection for a bilateral hearing loss disability.



ATTORNEY FOR THE BOARD

A. Hinton, Counsel









INTRODUCTION

The Veteran served on active duty from June 1968 to March 1992. He died in January 2011. 

The Appellant is the Veteran's surviving spouse. In August 2011, the RO granted her request to be substituted as the claimant for the purpose of processing the appeal to completion. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in December 2008 a Department of Veterans Affairs (VA) Regional Office (RO). 

In a decision in March 2011, the Board dismissed the appeal of the claim of service connection for a bilateral hearing loss disability because the Veteran died before the Board promulgated a decision. 

The dismissal of the appeal did not affect the right of an eligible person to file a request to be substituted as the Appellant for the purpose of processing the claim to completion. Veterans Benefits Improvements Act of 2008, Pub. L. No.110- 389, § 212, 112 Stat. 4145, 4151 (2009) (enacted at 38 U.S.C.A. § 5121A, substitution in case of death of a claimant who dies on or as of October 10, 2008). A person eligible for substitution will include a living person who would be eligible to receive accrued benefits under 38 U.S.C.A. § 5121(a).

Within a year of the Veteran's death the Veteran's spouse requested to be substituted as the Appellant. The RO notified the Appellant by letter in February 2013 that she had been substituted for her deceased husband pursuant to Public Law 110-389.



FINDING OF FACT

At no time during the period of the appeal is a bilateral hearing loss disability shown.


CONCLUSION OF LAW

The criteria for service connection for a bilateral hearing loss disability have not been met. 38 U.S.C.A. §§ 1110, 1112, 1131, 1137, 5107(b) West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.385 (2012). 

The Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate a claim. 

Duty to Notify

When VA receives a complete or substantially complete application for benefits, it will notify the claimant of the following: (1) any information and medical or lay evidence that is necessary to substantiate the claim, (2) what portion of the information and evidence VA will obtain, and (3) what portion of the information and evidence the claimant is to provide. 






Also, the VCAA notice requirements apply to all five elements of a service connection claim. The five elements are: 1) veteran status; 2) existence of a disability; 3) a connection between the Veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473, 484-86 (2006). 

The VCAA notice, as required by 38 U.S.C.A. § 5103(a), must be provided to a claimant before the initial unfavorable adjudication by the RO. Pelegrini v. Principi, 18 Vet. App. 112, 119 (2004). 

The RO provided pre-adjudication VCAA notice by letter, dated in November 2008.

As for the content and the timing of the VCAA notice, the documents complied with the specificity requirements of Quartuccio v. Principi, 16 Vet. App. 183, 186-87 (2002) (identifying evidence to substantiate a claim and the relative duties of VA and the claimant to obtain evidence); of Charles v. Principi, 16 Vet. App. 370, 374 (2002) (identifying the document that satisfies VCAA notice); of Pelegrini v. Principi, 18 Vet. App. 112, 119-120 (2004) (pre-adjudication VCAA notice); of Dingess v. Nicholson, 19 Vet. App. 473, 484-86 (2006) (notice of the elements of the claim). 

Duty to Assist

Under 38 U.S.C.A. § 5103A, VA must make reasonable efforts to assist the claimant in obtaining evidence necessary to substantiate a claim. The RO has obtained service treatment records and VA medical records. 




The Veteran was afforded a VA examination in February 2009. As the examination report is based on a review of the Veteran's history and described the findings in sufficient detail so that the Board's review is a fully informed one, the report is adequate to decide the claim. See Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007) (an examination is considered adequate when it is based on consideration of the appellant's prior medical history and examinations and also describes the disability in sufficient detail so that the Board's evaluation of the disability will be a fully informed one). 

As there is no indication of the existence of additional evidence to substantiate the claim, the Board concludes that no further assistance to the Appellant in developing the facts pertinent to the claim is required to comply with the duty to assist. 


REASONS AND BASES FOR FINDING AND CONCLUSION

Principles of Service Connection

Service connection may be granted for disability resulting from injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131. 

Service connection means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service, or if preexisting such service, was aggravated by service. This may be accomplished by affirmatively showing inception or aggravation during service. 38 C.F.R. § 3.303(a).





For a veteran who served 90 days or more of continuous, active service, and a chronic disease, such as sensorineural hearing loss as an organic disease of the nervous system, becomes manifest to a degree of 10 percent within one year from date of separation from service, the disease shall be presumed to have been incurred in service even though there is no evidence of such disease during the period of service. 38 U.S.C.A. § 1112, 1137; 38 C.F.R. §§ 3.307, 3.309.

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." Continuity of symptomatology after discharge is required where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b).

Service connection may also be granted for a disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

A necessary element to establish entitlement to service connection is the existence of a current disability. See Degmetich v. Brown, 104 F.3d 1328 (1997) (holding that section 1110 of the statute requires the existence of a present disability for VA compensation purposes); see also Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992). The presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).



In the context of a hearing loss disability, for the purpose of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies of 500, 1000, 2000, 3000, and 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Evidentiary Standards

VA must give due consideration to all pertinent medical and lay evidence in a case where a veteran is seeking service connection. 38 U.S.C.A. § 1154(a). It is not argued and does the record not show that the Veteran was in combat and the combat provisions of 38 U.S.C.A. § 1154(b) do not apply. 

Competency is a legal concept in determining whether medical or lay evidence may be considered, in other words, whether the evidence is admissible as distinguished from weight and credibility, a factual determination going to the probative value of the evidence, that is, does the evidence tend to prove a fact, once the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997). 

Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159. 

Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer a medical diagnosis, statement, or opinion. 38 C.F.R. § 3.159. 



The Board, as fact finder, must determine the probative value or weight of the admissible evidence. Washington v. Nicholson, 19 Vet. App. 362, 369 (2005) (citing Elkins v. Gober, 229 F.3d 1369, 1377 (Fed.Cir.2000) ("Fact-finding in veterans cases is to be done by the Board")). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the veteran. 38 U.S.C.A. § 5107(b). 

Facts

The Veteran's DD Form 214 shows that he served in the United States Air Force and had a military occupational specialty in aircraft armament systems. The service personnel records also show designations as a weapons mechanic, loading conventional munitions aboard tactical aircraft, a weapons maintenance supervisor, and load crew chief. 

The service treatment records show that on entrance examination in June 1968 the Veteran indicated that he had no problems with hearing loss. An audiogram showed:




HERTZ



500
1000
2000
3000
4000
RIGHT
-5
0
-5
/
-5
LEFT
10
0
0
/
0






Periodic reports of hearing conservation data almost every year between July 1968 and November 1985 include contemporaneous audiograms. The records show that the Veteran's duties involved exposure to noise from jet aircraft on the flight line and in a hanger or from weapons loading. None of the audiograms showed findings that met the VA criteria under 38 C.F.R. § 3.385 for left or right ear hearing loss disability. 

On retirement examination in March 1992, the Veteran denied hearing loss or ear trouble. An audiogram showed:





HERTZ



500
1000
2000
3000
4000
RIGHT
5
10
5
0
5
LEFT
10
10
10
10
0

After service on VA examination in February 2009 the Veteran complained of occasional hearing difficulties. He described a history of noise exposure in service to explosives, aircraft, engines, generators, and gunfire. He stated that after service he was exposed to loud music while playing in a band and to gunfire while hunting. 

An audiogram showed:




HERTZ



500
1000
2000
3000
4000
RIGHT
10
10
15
15
15
LEFT
10
10
10
15
15







The speech recognition scores were 96 percent in the right ear and 94 percent in the left ear. The VA examiner concluded that the Veteran's hearing was clinically normal. The VA examiner noted that the service treatment records showed that the Veteran entered and separated from service with essentially normal hearing in both ears and that testing in February 2010 showed that hearing was within normal limits. The VA examiner expressed the opinion that a hearing loss was not caused by or a result of military noise exposure.

Analysis

There is no dispute that the Veteran was exposed to loud noise during service. 

The Veteran was competent to describe hearing difficulties and decreased hearing, which are capable of lay observation. The Veteran as a lay person was not competent to diagnose a hearing loss disability as defined by 38 C.F.R. § 3.385 (2013), as such a disability is diagnosed based on an audiogram. 

There is no medical evidence of a hearing loss disability under 38 C.F.R. § 3.385. As there is no objective evidence of a hearing loss disability of either ear, the preponderance of the evidence is against the claim, and the benefit-of-the-doubt standard of proof does not apply, and service connection is not warranted for a bilateral hearing loss disability. 38 U.S.C.A. § 5107(b). 

 (The Order follows on the next page.).






ORDER

Service connection for a bilateral hearing loss disability is denied.



____________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs